**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Robert L. Johnson, | ) | No. CV 06-1825-PHX-MHM |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| State of Arizona, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

On July 24, 2006, Plaintiff, proceeding pro se, filed a complaint and a motion to proceed in forma pauperis (Doc. 1 & 3).  On July 25, 2006, Plaintiff filed an amended complaint.  (Doc. 4).  On July 26, 2006, Plaintiff filed a motion for emergency temporary injunction. (Doc. 5).

Plaintiff's motion to proceed in forma pauperis contains the relevant information for purposes of in forma pauperis status required by LRCiv 3.3, Local Rules of Practice of the District of Arizona.  Plaintiff's motion to proceed in forma pauperis (Doc. 3) is granted.

The  motion for in forma pauperis requires the Court to screen the complaint.  See 28 U.S.C. §§ 1915(a) and (e)(2).  In screening a complaint filed with a request to proceed in forma pauperis, the Court must dismiss the complaint at any time if it is "frivolous" or if it fails to state a claim upon which relief may be granted.  See 28 U.S.C. §§ 1915(e)(2)(B)(i), (ii).

1     Plaintiff pro se has filed a typewritten complaint and a handwritten amended

2 complaint.  The Court has considered both documents in an effort to ascertain the basis of

3 Plaintiff's claim for relief. Plaintiff's cause of action appears to involve a child custody

4 matter that was heard in the Superior Court of Maricopa County, State of Arizona, in or

5 about January 2005.  In his complaint, Plaintiff alleges that he did not receive counsel until

6 October 6, 2005 after he had appealed certain orders and judgments issued by the Superior

7 Court.  Plaintiff contends that Defendant has violated his constitutional rights under the fifth,

8 sixth and seventh amendments.  In his emergency motion for temporary injunction, Plaintiff

9 requests that Defendant be prohibited from taking any action in the matter of the custody

10 action until his claim is heard in this Court.

11     Courts have a duty to construe pro se pleadings liberally, affording the pro se plaintiff

12 the benefit of any doubt. Bernhardt v. Los Angeles County, 339 F.3d 920, 925 (9th Cir. 2003).

13 To the extent that Plaintiff is seeking review or appeal of the state court's decision in this

14 Court, his lawsuit is prohibited by the *Rooker-Feldman* doctrine.  The *Rooker-Feldman*

15 doctrine recognizes that 28 U.S.C. § 1331 is a grant of original jurisdiction and does not

16 authorize district courts to exercise appellate review over state court judgments. See Verizon

17 Maryland. Inc. v. Public Service Commission of Maryland, 535 U.S. 635, 644 n. 3, 122 S.Ct.

18 1753, 1759 n.3  (2002).  In Bianchi v. Rylaarsdam, 334 F.3d 895, 898 (9th Cir. 2003), cert.

19 denied, 540 U.S. 1213 (2004), the Ninth Circuit observed in the context of the *Rooker-*

20 *Feldman* doctrine that the federal district court, as a court of original jurisdiction, has no

21 authority to review the final determinations of a state court in judicial proceedings, stating

22 as follows:

23          *Rooker-Feldman* is a powerful doctrine that prevents federal
           courts from second-guessing state court decisions by barring the
24          lower federal courts from hearing de facto appeals from state-
           court judgments: If claims raised in the federal court action are
25          'inextricably intertwined' with the state court's decision such that
           the adjudication of the federal claims would undercut the state
26          ruling or require the district court to interpret the application of
           state laws or procedural rules, then the federal complaint must
27          be dismissed for lack of subject matter jurisdiction. ...

28

The *Rooker-Feldman* doctrine is not limited to claims that were actually decided by the state courts.  Review is precluded of all state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional.  <u>Bianchi</u>, 334 F.3d at 901.

Plaintiff essentially is asking this Court to review the State Courts' judgments and orders with respect to the custody matter and determine that they are in error and should be vacated. The *Rooker-Feldman* doctrine provides a jurisdictional bar to this Court conducting such review.  Pursuant to Fed.R.Civ.P. 12(h)(3), whenever it appears that the Court lacks jurisdiction of the subject matter, the court shall dismiss the action.  <u>See</u> <u>Rosales v. United States</u>, 824 F.2d 799, 803 n. 4 (9th Cir. 1987)(lack of subject matter jurisdiction may be raised at any time and it is the Court's duty to address the issue *sua sponte* whenever it is perceived).  **Accordingly,**

**IT IS ORDERED** that Plaintiff's motion for leave to proceed in forma pauperis (Doc. 3) is granted.

**IT IS FURTHER ORDERED** that Plaintiff's motion for emergency temporary injunction (Doc. 5) is denied.

**IT IS FURTHER ORDERED** that the complaint (Doc. 1) and amended complaint (Doc. 4) are dismissed with prejudice.

DATED this 2nd day of August, 2006.

_____
Mary H. Murguia
United States District Judge